IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROSELA B. BAKER,

                                                            OPINION AND ORDER

            Plaintiffs,

                                                            18-cv-417-bbc

    v.

JOHN M. MATOUSEK
and ALMONDO BAKER,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action for monetary and injunctive relief, pro se plaintiff Rosela B. Baker alleges that, in April 2014, she entered into an oral contract with defendant John Matousek under which Matousek agreed to represent defendant Almondo Baker, plaintiff's brother, in a criminal proceeding in exchange for plaintiff's giving Matousek an advance of $20,000. Plaintiff says that Matousek was to reimburse her for any unearned fees in the event Almondo Baker's case did not proceed to trial. The criminal proceedings against Almondo Baker were later dismissed, but Matousek refused to reimburse any of plaintiff's money and refused to provide an accounting of fees to plaintiff. Plaintiff contends that defendants breached a contract, committed fraud and negligence and violated rules of professional conduct.

      Plaintiff has paid the $400 filing fee for this lawsuit. Her complaint is now before the court for an initial review to determine whether subject matter jurisdiction exists. Buchel-Ruegsegger v. Buchel, 576 F.3d 451, 453 (7th Cir. 2009) (noting that federal courts have a duty to evaluate their own jurisdiction, "sua sponte if necessary") (citation omitted).

1

A federal district court has limited jurisdictional authority.

Generally, a federal court may exercise jurisdiction over a civil case in one of two situations: (1) the plaintiff brings a claim that arises under federal law, 28 U.S.C. § 1331; or (2) the plaintiff brings a claim that arises under state law, the plaintiff and defendant are citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. After reviewing plaintiff's allegations, I cannot think of federal law that might support plaintiff's claim against either defendant. She has not alleged a violation of any federal statute, and defendants are not governmental actors such that they could be liable for violation of plaintiff's constitutional rights. Therefore, I conclude that the court does not have jurisdiction over this case under § 1331.

With respect to § 1332, plaintiff alleges that she lives in Illinois and defendants live in Wisconsin. However, plaintiff has not alleged that the amount in controversy exceeds $75,000. Plaintiff alleges that defendants owe her $20,000. She seeks an additional $20,000 in compensatory damages, though the basis for this additional damages request is not clear from her complaint. Plaintiff also requests $20,000 in punitive damages. Even assuming plaintiff has a plausible legal claim to the full amount of damages she requests, she is seeking only $60,000 in damages. Therefore, plaintiff has not satisfied the amount-in-controversy requirement of § 1332. Therefore, this court lacks subject matter jurisdiction over plaintiff's claims, meaning that plaintiff must file her claims in state court.

ORDER

IT IS ORDERED that plaintiff Rosela B. Baker's complaint is DISMISSED for lack of subject matter jurisdiction.

Entered this 31st day of May, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge