IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROSELA B. BAKER,

                                                                          OPINION AND ORDER

                Plaintiffs,

                                                                         18-cv-417-bbc

     v.

JOHN M. MATOUSEK
and ALMONDO BAKER,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On May 31, 2018, I dismissed plaintiff Rosela Baker's complaint for lack of subject matter jurisdiction. Dkt. #2. Her claims against defendants John Matousek and Almondo Baker were state law breach of contract claims for which she was seeking $20,000 in compensatory damages. Her complaint did not include any claim arising under federal law, 28 U.S.C. § 1331, or any claim for which the amount in controversy is greater than $75,000. 28 U.S.C. § 1332.

Now plaintiff has filed a motion to vacate the judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Dkt. #4. She argues that the court erred in concluding that she had failed to plead a federal claim. She also argues that she is seeking more than $75,000 in damages because she wishes to pursue tort claims for which she can recover punitive damages and attorney fees. Plaintiff has also filed an amended complaint in which she identifies several legal theories to support her claims against defendants. Dkt. #5. After reviewing plaintiff's arguments and the allegations of her amended complaint, I conclude

1

that plaintiff's amended allegations are sufficient to establish jurisdiction under 28 U.S.C. § 1332 because it does not appear to be "legally impossible" for her to recover more than $75,000. Therefore, I will grant plaintiff's motion to vacate the judgment.

OPINION

Plaintiff alleges that in April 2014, she entered into an oral contract with defendant John Matousek under which Matousek agreed to represent defendant Almondo Baker, plaintiff's brother, in a criminal proceeding in exchange for plaintiff's giving Matousek an advance of $20,000. Plaintiff says that Matousek was to reimburse her for any unearned fees and provide her a written account of his work performed in the event Almondo Baker's case did not proceed to trial. Plaintiff later provided an additional $450.00 to Matousek for private investigator fees. The criminal proceedings against Almondo Baker were later dismissed, but Matousek refused to reimburse any of plaintiff's money and refused to provide an accounting of fees to plaintiff. Plaintiff later learned that Matousek and Almondo Baker had entered into written agreement stating that the $20,000 fee paid by plaintiff represented a flat fee for Matousek's representation regardless whether there was a trial. The agreement also stated falsely that the $20,000 had been paid by Almondo. Plaintiff alleges that Matousek intentionally misrepresented the nature of his contract with plaintiff and that defendants entered into a contract with each other with the intent to defraud plaintiff.

As I explained previously, a federal court may exercise jurisdiction over a civil case in

one of two situations: (1) the plaintiff brings a claim that arises under federal law, 28 U.S.C. § 1331; or (2) the plaintiff brings a claim that arises under state law, the plaintiff and defendant are citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. In her motion, plaintiff argues that her allegations support a finding of jurisdiction under both § 1331 and § 1332.

First, plaintiff contends that her complaint includes claims arising under federal law. In particular, she contends that she is bringing claims under (1) the United States Constitution, (2) antitrust laws and (3) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. However, plaintiff cannot bring a claim under the Constitution, as the Constitution applies only to "state actors," who generally are government employees or those acting on the government's behalf. Filarsky v. Delia, 566 U.S. 377, 387 (2012). Plaintiff does not allege that defendants were government employees or were otherwise acting as agents for the government when they refused to refund the money she paid to Matousek.

Plaintiff's allegations also do not support claims under federal antitrust laws, as she has not alleged that defendants engaged in anticompetitive acts that resulted in the type of injury that antitrust laws are intended to protect against. Tamburo v. Dworkin, 601 F.3d 693, 699 (7th Cir. 2010) (explaining pleading requirements for antitrust claim).

Finally, plaintiff has not pleaded claims under the Fair Debt Collection Practices Act, as she has not alleged that defendants have engaged in illegal behavior while attempting to collect a debt from her. 28 U.S.C. § 1692. Therefore, I conclude that plaintiff's allegations do not support any claim under federal law. Thus, the court does not have jurisdiction over

this case under § 1331.

With respect to § 1332, plaintiff has alleged that the citizenship of the parties is diverse. In particular, she alleges that she lives in Illinois and defendants live in Wisconsin. In my previous decision, I concluded that plaintiff had not alleged that the amount in controversy exceeds $75,000, as her had alleged that her contract with Matousek was worth only $20,000. In her amended complaint, plaintiff explains that she "suffered monetary losses in the amount between $18,000 to $19,000," based on the amount Matousek did not earn. Dkt. #5 at 8. However, she says she is also seeking punitive damages and attorney fees, for a total exceeding $75,000.

Plaintiff should be aware that she cannot recover the approximately $18,000 to $19,000 from both defendants. Rather, she can recover her actual damages only once. Additionally, plaintiff cannot recover punitive damages on a breach of contract claim. Hansen v. Texas Roadhouse, Inc., 2013 WI App 2, ¶ 29, 345 Wis. 2d 669, 692, 827 N.W.2d 99, 109 ("[P]unitive damages are not available as a remedy for breach of contract."). Nor can she recover attorney fees, as she is representing herself and has not retained an attorney to whom she is paying fees.

However, plaintiff says that she is suing defendants for civil theft, conversion, fraud and misrepresentation for which she could recover punitive damages exceeding $75,000. Edmonson v. Carson, 2016 WI App 57, ¶ 7, 370 Wis. 2d 786, 882 N.W.2d 870 (punitive damages available on tort claims where "wrongdoer's conduct is so aggravated that it meets the elevated standard of an 'intentional disregard of rights'"). She argues that her allegations

4

support claims of fraud and intentional misrepresentation in addition to any contract claims. Because I cannot conclude at this stage that it would be "legally impossible" for plaintiff to recover $75,000 from defendants, I conclude that plaintiff's amended allegations satisfy the amount-in-controversy requirement of § 1332. Back Doctors Ltd. v. Metropolitan Property & Casualty Insurance Co., 637 F.3d 827, 830 (7th Cir. 2011) ("[T]he estimate of the dispute's stakes advanced by the proponent of federal jurisdiction controls unless a recovery that large is legally impossible.") Therefore, I will grant plaintiff's motion to vacate the judgment and will reopen this case.

ORDER

IT IS ORDERED that

1. Plaintiff Rosela B. Baker's motion to vacate the judgment, dkt. #4, is GRANTED.

2. The clerk of court is directed to issue summonses to plaintiff so that she may serve her amended complaint on defendants.

Entered this 17th day of October, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge