IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROSELA B. BAKER,

OPINION AND ORDER

Plaintiffs,

18-cv-417-bbc

v.

JOHN M. MATOUSEK
and ALMONDO BAKER,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action for monetary relief, pro se plaintiff Rosela Baker alleges that she hired defendant John Matousek, an attorney, to represent her brother, defendant Almondo Baker, in a criminal proceeding. Plaintiff contends that defendant Matousek breached a contract that they had formed and that both defendants engaged in fraud and misrepresentation in connection with the contract. In May 2018, I dismissed plaintiff's complaint because she had not alleged facts suggesting that this court had subject matter jurisdiction over her case. Dkt. #2. Plaintiff filed a motion for reconsideration and an amended complaint, dkt. ##4, 5, and I entered an order vacating the judgment. Dkt. #6. I concluded that although plaintiff had not alleged facts sufficient to plead any claim arising under federal law, her allegations suggested that diversity jurisdiction was present under 28 U.S.C. § 1332, in which case, she could proceed with her state law claims against defendants.

Now there are several motions before the court. First, defendant Matousek filed a motion to dismiss plaintiff's claims on the ground that her allegations do not establish

subject matter jurisdiction. Dkt. #8. In particular, he argues that plaintiff's allegations support only a breach of contract claim, for which she could not recover damages equaling or exceeding $75,000. Plaintiff filed a brief in opposition, dkt. #26, as well as a motion for leave to file an amended complaint and a proposed amended complaint. Dkt. ##28, 29. Defendant Matousek then filed a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure, contending that plaintiff had no good faith basis in law or fact to support her claims against him. Dkt. #36. Plaintiff has filed a motion for extension of time to file her brief in opposition to the sanctions motion, dkt. #48, as well as a motion to strike defendant Matousek's reply brief in support of his motion to dismiss on the ground that it was untimely. Dkt. #42. Plaintiff also filed motions for default judgment against defendant Almondo Baker, dkt. #21, and defendant Matousek, dkt. ##43, 44. Defendant Almondo Baker filed a motion requesting court assistance in recruiting counsel to represent him. Dkt. #30. Finally, defendant Matousek has filed a motion requesting a status conference regarding the various pending motions. Dkt. #46.

For the reasons explained below, I will deny defendant Matousek's motion to dismiss and his motion for sanctions. I will also deny plaintiff's motions for default judgment as to both defendants, defendant Almondo Baker's motion for assistance in recruiting counsel and the parties' motions for additional time to file additional briefs. I will give plaintiff one opportunity to clarify her claims against defendant Almondo Baker.

OPINION

A. Defendant Matousek's Motion to Dismiss

Plaintiff alleges in her original, amended and second amended complaints that in April 2014, she entered into an oral contract with defendant John Matousek under which Matousek agreed to represent defendant Almondo Baker, plaintiff's brother, in a criminal proceeding in exchange for plaintiff's giving Matousek an advance payment of attorney fees of $20,000. Plaintiff alleges that she and Matousek agreed that he would reimburse her for any unearned fees and provide her a written account of his work performed in the event her brother's case did not proceed to trial. Plaintiff later provided an additional $450.00 to defendant Matousek for private investigator fees. The criminal proceedings against defendant Almondo Baker were later dismissed, but defendant Matousek refused to reimburse any of plaintiff's money and refused to provide an accounting of fees to plaintiff on the ground that he had accepted the $20,000 as a flat fee for his representation of her brother.

Defendant Matousek has moved to dismiss plaintiff's claims on two grounds. First, he argues that plaintiff has failed to allege fraud with the particularity required under Rule 9 of the Federal Rules of Civil Procedure. Under Rule 9(b), a plaintiff alleging fraud or mistake must state with particularity the circumstances constituting fraud or mistake. "The plaintiff must describe the 'who, what, when, where, and how' of the fraud." United States ex rel. Berkowitz v. Automation Aids, Inc., 896 F.3d 834, 839 (7th Cir. 2018). This heightened pleading requirement applies not just to claims of fraud, but to any claim "that is premised upon a course of fraudulent conduct." Borsellino v. Goldman Sachs Group, Inc.,

477 F.3d 502, 507 (7th Cir. 2007). In this instance, defendant Matousek does not explain why he believes plaintiff's allegations are not sufficient to plead a fraud or misrepresentation claim under Wisconsin law, so I will not address that question either. See, e.g. Kaloti Enters., Inc. v. Kellogg Sales Co., 2005 WI 111, ¶¶ 12, 13 283 Wis. 2d 555, 699 N.W.2d 205 (setting forth elements of intentional misrepresentation under Wisconsin law). Instead, he argues generally that plaintiff's pleadings fail to comply with Rule 9 because she has failed to include specifics about the alleged verbal agreement at issue or what misrepresentations defendant Matousek made regarding the agreement.

Defendant Matousek's argument is not persuasive. Plaintiff alleges that she entered into a verbal contract with Matousek on April 25, 2014, under which she agreed to pay him $20,000 for his representation of her brother. She says that Matousek misrepresented the nature of the agreement by telling her that the $20,000 amount was necessary in the event Almondo Baker's case proceeded to trial, that he would provide an accounting of how the money was spent and that he would reimburse her for any money that was not used. Plaintiff alleges that defendant Matousek actually intended to, and did, treat the $20,000 as a flat fee arrangement, without telling her that this was his intention. When the case was dismissed early in the proceedings, defendant Matousek refused to return any money to plaintiff. These allegations are sufficiently detailed to provide the "who, what, when, where and why" of the alleged fraud. Therefore, I will not dismiss plaintiff's fraud and misrepresentation claims for failure to satisfy the pleading requirements of Rule 9.

Defendant Matousek's second argument is that this court does not have jurisdiction

under 28 U.S.C. § 1332 because plaintiff (1) never cited § 1332 as a basis for jurisdiction in her complaint; and (2) has not alleged more than $75,000 in controversy. However, plaintiff cites § 1332 as a basis for jurisdiction in her second amended complaint, dkt. #29, and she has requested punitive damages that could exceed $75,000. Defendant Matousek argues that, under Wis. Stat. § 895.446, plaintiff's combined compensatory and punitive damages could not exceed $57,000. However, he does not develop this argument in any way. He does not cite any legal authority suggesting that § 895.446 would apply to limit the damages available to plaintiff on the type of fraud and misrepresentation claims plaintiff is raising in this case. In his reply brief, defendant Matousek appears to abandon his argument under § 895.446, and instead suggests for the first time that plaintiff's fraud and misrepresentation claims are barred by Wisconsin's economic loss doctrine. But Wisconsin's economic loss doctrine does not apply to contracts for the sale of services, so the doctrine does not apply. Schreiber Foods, Inc. v. Lei Wang, 651 F.3d 678, 683 (7th Cir. 2011); Insurance Co. of North America v. Cease Electric Inc., 2004 WI 139, ¶ 52, 276 Wis. 2d 361, 381, 688 N.W.2d 462, 472. Accordingly, I conclude that defendant Matousek has failed to show that plaintiff's case should be dismissed for lack of subject matter jurisdiction.

### B. Defendant Matousek's Motion for Sanctions

Defendant Matousek has filed a motion for sanctions against plaintiff under Rule 11 of the Federal Rules of Civil Procedure on the ground that her claims are legally and factually frivolous. Dkt. #36. Rule 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Defendant Matousek complied with Rule 11(c)(2), which required him to give plaintiff 21 days to withdraw her allegedly frivolous claims. Dkt. #37.

I am denying defendant Matousek's motion for sanctions. His arguments would be raised more appropriately in a motion for summary judgment, rather than in a motion for sanctions. In particular, he contends that plaintiff's claims are frivolous because the evidence will show that he never entered into a contract with plaintiff and that even if he did, the $20,000 she paid was for a flat fee arrangement for which she was not entitled to any return of funds. He also submits billing records showing that he spent more than $55,000 in fees for his representation of Almondo Baker. However, plaintiff disputes defendant Matousek's version of events. Thus, his arguments simply highlight factual disputes between the parties and do not show that plaintiff's claims are legally or factually frivolous. Because I am denying

the motion for sanctions, I will deny plaintiff's motion for an extension of time to file a brief in opposition to the motion.

### C. Defendant Almondo Baker

Plaintiff filed proof of service with respect to defendant Almondo Baker on December 11, 2018, and the clerk of court entered default as to his on December 27, 2018. Dkt. #16. Defendant Almondo Baker has yet to file an answer to plaintiff's amended complaint, but he has filed a motion for court assistance in recruiting counsel, dkt. #30, stating that he was recently released from prison, is looking for a job and does not know how to represent himself in this action. Plaintiff has now filed a motion for default judgment against defendant Almando Baker. Dkt. #21.

After reviewing plaintiff's pleadings as they relate to this defendant, I conclude that plaintiff's allegations fail to state a claim against him. In contrast to her allegations relating to defendant Matousek, plaintiff's allegations against her brother Almondo are vague and conclusory. Plaintiff has not provided any details describing any fraudulent acts committed by him. Instead, all of her specific allegations and arguments relate to defendant Matousek's alleged conduct. Therefore, her allegations fall far short of satisfying the Rule 9 requirements for pleading a claim of fraud or misrepresentation against defendant Almondo Baker. Because plaintiff's allegations do not give rise to any claim for relief against Almondo, I will set aside the clerk's entry of default against him and will deny plaintiff's motion for default judgment.

I will give plaintiff one opportunity to supplement her complaint to clarify her claims

against her brother Almondo. In doing so, plaintiff must explain:

(1) What did Almondo Baker do that she believes violated her rights?

(2) When did Almondo Baker engage in the allegedly unlawful acts?

(3) How was she harmed by Almondo Baker's actions?

If plaintiff is attempting to state a claim of fraud or misrepresentation against Almondo Baker, she should be aware that under Wisconsin law, a claim for fraud has five elements: "(1) the defendant made a factual representation; (2) which was untrue; (3) the defendant either made the representation knowing it was untrue or made it recklessly without caring whether it was true or false; (4) the defendant made the representation with intent to defraud and to induce another to act upon it; and (5) the plaintiff believed the statement to be true and relied on it to his/her detriment." Lands' End, Inc. v. Remy, 447 F. Supp. 2d 941, 952 (W.D. Wis. 2006) (quoting Kaloti Enters., Inc. v. Kellogg Sales Co., 2005 WI 111, ¶ 12, 283 Wis. 2d 555, 699 N.W.2d 205). Therefore, to state a claim of fraud, plaintiff would need to supplement her complaint with allegations sufficient to satisfy each of these five elements.

Plaintiff may have until April 16, 2019 to provide a supplement to her complaint. After she files a supplement, I will review it to determine whether she has pleaded any claims against Almondo Baker. If plaintiff does not file a supplement by that date, I will dismiss Almondo Baker from this case.

Finally, I will deny Almondo Baker's motion for court assistance in recruiting counsel without prejudice. In determining whether to recruit counsel for a pro se litigant, the relevant question is whether the complexity of the case exceeds the plaintiff's ability to litigate it.

Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). It is too early to make that determination in this case. At this stage, plaintiff has not pleaded any viable claims against Almondo Baker. Until plaintiff attempts to clarify her claims against him, I cannot determine whether he will be able to respond to the claims against him on his own. Accordingly, I will deny Almondo Baker's request for counsel without prejudice. He may renew his request if plaintiff pleads any viable claims against him.

## ORDER

IT IS ORDERED that

1. The clerk of court's entry of default against defendant Almondo Baker, dkt. #16, is SET ASIDE.

2. Plaintiff Rosela B. Baker's motion for leave to file an amended complaint, dkt. #28, is GRANTED.

3. Plaintiff's motions for default judgment, dkt. ##21, 43, 44, to strike, dkt. #42, and for an extension of time, dkt. #48, are DENIED.

4. Defendant Almondo Baker's motion for court assistance in recruiting counsel, dkt. #30, is DENIED.

5. Defendant John Matousek's motions to dismiss, dkt. #8, for sanctions, dkt. #36, and for a status conference, dkt. #46, are DENIED.

6. Plaintiff may have until April 16, 2019 in which to provide a supplement to her complaint that clarifies her claims against defendant Almondo Baker.

Entered this 2d day of April, 2019.

BY THE COURT:

/s/

________________________

BARBARA B. CRABB
District Judge