IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROSELA B. BAKER,

                                   OPINION AND ORDER

           Plaintiffs,

                                       18-cv-417-bbc

     v.

JOHN M. MATOUSEK and
ALMONDO BAKER,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Rosela Baker is proceeding on contract, fraud and misrepresentation claims again defendant John Matousek, an attorney whom plaintiff says she hired to represent her brother, Almondo Baker, in a criminal proceeding. On April 2, 2019, I dismissed plaintiff's claims against her brother because her allegations were not sufficient to state any claim against him. Dkt. #49. I gave plaintiff one opportunity to provide a supplement to her complaint that clarifies her claims against defendant Almondo Baker. Plaintiff has filed a supplement, stating that Almondo Baker engaged in fraud and theft. Dkt. #52. However, she has simply repeated the same allegations that she included in her original and amended complaint. Her allegations do not state a claim for relief against Almondo Baker. Therefore, he will be dismissed as a defendant in this case.

OPINION

Plaintiff contends that Almondo Baker engaged in fraud with defendant Matousek

1

by attempting to "revise" the oral contract that plaintiff had made with Matousek. Specifically, she says that after she provided a $20,000 advance payment to Matousek, Almondo Baker and Matousek decided that the payment should be treated as a flat fee, rather than an advance fee that would be reimbursed if not spent. After Matousek and Almondo Baker reached this "agreement," Almondo Baker told plaintiff that her payment would be reimbursed if not spent and he did not tell her that it would be treated as a flat fee.

These allegations do not state a claim for fraud. Under Wisconsin law, a claim for fraud has five elements: "(1) the defendant made a factual representation; (2) which was untrue; (3) the defendant either made the representation knowing it was untrue or made it recklessly without caring whether it was true or false; (4) the defendant made the representation with intent to defraud and to induce another to act upon it; and (5) the plaintiff believed the statement to be true and relied on it to his/her detriment." Lands' End, Inc. v. Remy, 447 F. Supp. 2d 941, 952 (W.D. Wis. 2006) (quoting Kaloti Enters., Inc. v. Kellogg Sales Co., 2005 WI 111, ¶ 12, 283 Wis. 2d 555, 699 N.W.2d 205). In this instance, plaintiff alleges that Almondo Baker knowingly made a false statement when he stated that plaintiff's $20,000 payment would be reimbursed if Matousek did not spend it. Even if assume that these allegations satisfy factors (1), (2) and (3) of a fraud claim, plaintiff's allegations do not satisfy factors (4) and (5). According to plaintiff, Almondo Baker was not a party to the contract that plaintiff had entered into with Matousek, which means that Almondo Baker was not in any position to modify or withdraw the contract. At the time Almondo Baker made the allegedly false statement to plaintiff, plaintiff had

2

already paid the $20,000 to Matousek. Plaintiff's supplemental allegations do not explain why she would have reasonably relied to her detriment on any of Almondo Baker's statements concerning his understanding of the contract to which he was not a party. Therefore, plaintiff cannot proceed on a fraud claim against Almondo Baker.

Plaintiff's allegations are also insufficient to state a claim for theft or conversion. Plaintiff says that after she paid the $20,000 advance fee, she forwarded an additional $5,000 and $297.05 to Matousek from her credit card. She says that Almondo Baker "attempt[ed] to convert said cash deposits off as his funds by fraudulently affixing his signature to the money receipts." Dkt. #52 at 3. The elements of conversion are: (1) intentional control or taking of property belonging to another, (2) without the owner's consent, (3) resulting in serious interference with the rights of the owner to possess the property. H.A. Friend & Co. v. Professional Stationery, Inc., 2006 WI App 141, ¶ 11, 294 Wis. 2d 754, 763, 720 N.W.2d 96, 100. Plaintiff's allegations do not satisfy these elements. Although she says that Almondo Baker signed "money receipts" in an attempt to convert money she forwarded to Matousek, she does not says that Almondo Baker successfully took control of her money or that he prevented the money from being used for its intended purpose. Because she has not alleged that Almondo Baker was able to take control of her money, she has not state a claim for theft or conversion. Therefore, plaintiff has failed to state any claim for relief against Almondo Baker.

ORDER

IT IS ORDERED that plaintiff's Rosela Baker's claims against Almondo Baker are DISMISSED for her failure to state a claim against him upon which relief may be granted. Almondo Baker is DISMISSED as a defendant from this case.

Entered this 28th day of May, 2019.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge